UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMY CHAVEZ,
    Plaintiff

Vs.                                                                                                   No. 09-cv-12336
                                                                                                 Judge Sean F. Cox

WATERFORD SCHOOL DISTRICT,          Mag. Judge Mona K. Majzoub
    Defendant

_____/

ALYSON OLIVER P55020                    MICHAEL D. WEAVER P43985
Kresch Oliver, PLLC                         Plunkett Cooney
Attorneys for Plaintiffs                    Attorney for Defendant
24100 Southfield Road                     38505 Woodward Avenue
Suite 305                                               Suite 2000
Southfield, MI 48075                      Bloomfield Hills, MI 48034
(248)327-6556                               (248)901-4025
aoliver@krescholiver.com             mweaver@plunkettcooney.com

_____/

## **PLAINTIFF'S MOTION FOR LEAVE TO AMEND WITNESS LIST**

    NOW COMES PLAINTIFF, AMY CHAVEZ, by and through her attorneys KRESCH OLIVER PLLC, and in support of her motion for leave to amend witness list hereby states as follows:

        1. Plaintiff seeks to amend the witness list.

        2. Plaintiff has good cause for the amendments.

        3. The amendments will not prejudice Defendant.

        4. Plaintiff wishes to add expert witnesses to the witness list:

      a. Gary L. Talbot is an expert in the area of the American with Disabilities Act.

      b. William King is an expert in the field of economics.

5. Plaintiff wishes to clarify the witness list as it relates to the general provision of "all Plaintiff's treating or attending physicians" as currently set forth in paragraph 24 of the Witness list to specifically list the physicians in addition to the general provisions.

6. Plaintiff wishes to clarify the witness list as it relates to the general provision of "any or all of Defendant's personnel" as currently set forth in paragraph 25 of the Witness List to specifically list the personnel in addition to the general provisions.

7. Plaintiff is still within the timeline provided by the Federal Rules of Civil Procedure for disclosing an expert witness.

WHEREFORE, AMY CHAVEZ, by and through her attorneys KRESCH OLIVER PLLC, prays that this Honorable Court grant her Motion for Leave To Amend Witness List.

                                                      Respectfully submitted,

Dated: July 14, 2010                                 /s/Alyson Oliver

                                                      KRESCH OLIVER PLLC
BY: Alyson Oliver P55020
Attorney for Plaintiff
Amy Chavez
24100 Southfield Road, #305
Southfield, MI 48075
248-327-6556
aoliver@krescholiver.com

i

# **BRIEF**

## **Table of Contents**

Table of Contents ............................................................................................................. i

Index of Authorities ....................................................................................................... ii

Statement of Facts ...........................................................................................................1

Argument ........................................................................................................................3

Conclusion ......................................................................................................................5

Proposed Order Granting Amendments..........................................................................6

Denial of Long Term Disability Benefits ........................................................... Exhibit A

Proposed Amended Witness and Exhibit Lists .................................................. Exhibit B

Gary L. Talbot's Curriculum Vitae .................................................................... Exhibit C

William King's Curriculum Vitae ...................................................................... Exhibit D

Plaintiff's Initial Disclosures .............................................................................. Exhibit E

# Index of Authorities

**CASES**

Bonin v. Chadron Cmty. Hosp.,
    163 F.R.D. 565 (D.Nev. 1995) ...............................................................................4

Inge v. Rock Financial Corp.,
    281 F.3d 613, 625 (6th Cir. 2002) ..........................................................................3

Bradford v. Dana Corp.,
    249 F.3d 807, 809 (8th Cir. 2001) ..........................................................................3

Hinton v. Patnuade,
    162 F.R.D. 435,439 (N.D.N.Y 1995) ....................................................................4

Inge v. Rock Financial Corp.,
    281 F.3d 613, 625 (6th Cir. 2002) ..........................................................................3

McNerney v. Archer Daniels Midland Co.,
    164 F.R.D. 584, 587 (W.D.N.Y. 1995) ..................................................................4

River City Capital, L.P. v. Board of County Com'rs, Clermont County, Ohio,
    491 F.3d 301 (6th Cir. 2007). ................................................................................4

**STATUTES**

F.R.C.P. 16.......................................................................................................................3

F.R.C.P. 26....................................................................................................................3,4

F.R.C.P. 37.......................................................................................................................3

**STATEMENT OF FACTS**

Witness Lists were due and filed in this case on February 8, 2010. At that time, discovery was still open and dispositive motions had not been filed or ruled upon. Around May, 2010 Plaintiff received documents from Defendant's long term disability insurance provider that Plaintiff's request for long term disability benefits had been denied. Specifically of note, the denial states unequivocally that Plaintiff could perform her job functions with reasonable accommodations. (Exhibit A). Immediately upon receipt of these documents the documents were shared with opposing counsel. The content of same has been discussed in the oral argument for summary judgment and at case evaluation by Defendant's counsel. Plaintiff seeks leave to amend the witness and exhibit list to include witnesses and exhibits relative to the denial of long term disability benefits. Attached as Exhibit B is the proposed amended witness and exhibit lists with the additions italicized for convenience.

Since receiving the opinion denying Defendant's summary judgment motion, reviewing the motion for reconsideration that Defendant has filed and that remains pending, reviewing the case evaluation summary filed by Defendant, attending the case evaluation and preparing the case for trial, the undersigned has consulted with two experts whose testimony is necessary for the proper presentation of this matter. Gary L. Talbot is an expert in the area of the American with Disabilities Act who has years of experience in and can proffer opinions regarding the qualification of an individual as disabled, reasonableness of accommodations requested under the Act, and duties of employers in meeting the requested accommodations. He has received a presidential appointment to the U.S. Access Board for two terms. Mr. Talbot's curriculum vitae is attached as Exhibit C, and his information added to Exhibit B. Additionally, William King is a necessary expert in the field of economics. His testimony will aid the jury in determining

1

financial issues such as back pay, front pay, pension benefits, reduction of other benefits to cash value and reduction of future benefits to cash value.   Mr. King's curriculum vitae is attached here as Exhibit D, and his information added to Exhibit B.

Additionally, Defendant's counsel has repeatedly made comments that certain witnesses are not included in Plaintiff's witness list.  These comments surround individuals who are, in Plaintiff's consideration, included in catchall categories of "all Plaintiff's treating or attending physicians" as currently set forth in paragraph 24 of the Witness list and  "any or all of Defendant's personnel" as currently set forth in paragraph 25 of the Witness List.  Still, in the vein of ensuring that both parties are on the same page as it relates to intended witnesses, Plaintiff seeks to amend to include the specific names thereunder.

Plaintiff is still within the timeline provided by the Federal Rules of Civil Procedure for disclosing an expert witness.

## ARGUMENT

The current scheduling can be modified to allow the inclusion of Plaintiff's expert witnesses listed above. The schedule can be modified when there is a showing of good cause and with the consent of the judge. F.R.C.P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002), citing Bradford v. Dana Corp., 249 F.3d 807, 809 (8th Cir. 2001).

The Scheduling Order requires that all witness to be called at trial must be listed by February 8, 2009. Plaintiff did not disregard the current scheduling order and filed a witness list (Exhibit B) on the required date. However, Plaintiff did not list experts in that order in as much as Plaintiff believed that deadline to be in accordance with The Federal Rules of Civil Procedure that require a party to disclose expert witnesses that will testify, 90 days before the trial date. F.R.C.P. 26(a)(2)(C)(i). Finding adequate experts was difficult and time consuming, and frankly did not arise prior to this time based on the foregoing understanding. Plaintiff did not intentionally disregard the Scheduling Order, indeed, the designation in the Order does not explicitly include or exclude expert witnesses. The Federal Rules of Civil Procedure require a party to disclose expert witnesses that will testify, 90 days before the trial date. F.R.C.P. 26(a)(2)(C)(i). The current scheduling order lists the trial date as September/October. Based on the belief that the trial could begin as late as the end of October, the disclosure of these experts still comes before the 90 day cut-off date in accordance with the Court Rules. Alternatively, leave is sought for the filing.

Because disclosure of Plaintiff's expert witnesses comes before the cut-off date, the Defendant will not be prejudiced as it has ample time to prepare for trial as prescribed under F.R.C.P.26(1)(2)(C)(i).

Not allowing an expert to testify as prescribed under Rule 37 "is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995), citing *Hinton v. Patnuade*, 162 F.R.D. 435,439 (N.D.N.Y 1995), see also *Bonin v. Chadron Cmty. Hosp.*, 163 F.R.D. 565 (D.Nev. 1995).

Again and again, courts have found that the plaintiff's failure to comply with the technical guidelines of Rule 26 was harmless because the defendant was not prejudiced but the district court provided for a minor monetary sanction which was upheld by the court of appeals. *River City Capital, L.P. v. Board of County Com'rs, Clermont County*, Ohio 491 F.3d 301 (6th Cir. 2007). In the case at hand, the defendant will not be prejudiced by allowing the testimony of plaintiff's expert witnesses, as defendant has ample time to depose such witnesses if it so chooses and prepare for trial. Ample time is demonstrated by the fact that the expert witness disclosure is still within the 90 day time period prescribed under Rule 26. Other courts have also seen fit to extend time for the party opposite the disclosing party to depose an expert and prepare for trial. See *Bonin v. Chadron Cmty. Hosp.*, 163 F.R.D. 565 (D.Nev. 1995).

Also, Plaintiff's initial disclosures to Defendant (Exhibit E) stated in paragraph 28 "Plaintiff reserves the right to name expert witnesses in accordance with the Court Rules and Scheduling Order." Therefore, Defendant had notice of Plaintiff adding expert witnesses to the witness list within the time frame provided by the Court Rules. For this reason, as well as the reasons stated above, Defendant is not prejudiced by Plaintiff's amendments to the witness list.

Plaintiff's additional clarifications are for the benefit of the Defendant. All clarifications are included in Plaintiff's Initial Disclosures (Exhibit E), or the denial of Plaintiff's long term disability benefits (Exhibit A).

## **CONCLUSION**

For all of the above reasons Plaintiff requests that leave be granted to amend the scheduling order to add witnesses to the witness list (Exhibit B) and a document denying long term disability insurance to the exhibit list. Plaintiff has shown good cause for leave to amend and that Defendant will not be prejudiced by said amendments.

Respectfully submitted,

Dated: July 14, 2010   /s/Alyson Oliver

KRESCH OLIVER PLLC
BY:  Alyson Oliver P55020
Attorney for Plaintiff
Amy Chavez
24100 Southfield Road, #305
Southfield, MI 48075
248-327-6556
aoliver@krescholiver.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY CHAVEZ,
    Plaintiff

Vs.                                                      No. 09-cv-12336
                                                          Judge Sean F. Cox
WATERFORD SCHOOL DISTRICT,       Mag. Judge Mona K. Majzoub
    Defendant

_____/

ALYSON OLIVER P55020                    MICHAEL D. WEAVER P43985
Kresch Oliver, PLLC                            Plunkett Cooney
Attorneys for Plaintiffs                        Attorney for Defendant
24100 Southfield Road                       38505 Woodward Avenue
Suite 305                                                Suite 2000
Southfield, MI 48075                         Bloomfield Hills, MI 48034
(248)327-6556                                     (248)901-4025
aoliver@krescholiver.com                   mweaver@plunkettcooney.com
_____/

## **'Proposed' ORDER GRANTING LEAVE**

## **TO AMEND WITNESS LIST AND EXHIBIT LIST**

      This matter having come before the Court pursuant to Plaintiff's Motion to Amend Witness and Exhibit List, the court hereby grants the Plaintiff's motion to amend.

      NOW, THEREFORE, IT IS ORDERED that Plaintiff is granted leave to amend the witness and exhibit list to add the proposed experts and document.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY CHAVEZ,
    Plaintiff

Vs.                                                                                     No. 09-cv-12336
                                                                                                               Judge Sean F. Cox
WATERFORD SCHOOL DISTRICT,                      Mag. Judge Mona K. Majzoub
    Defendant

_____/

ALYSON OLIVER P55020                             MICHAEL D. WEAVER P43985
Kresch Oliver, PLLC                              Plunkett Cooney
Attorneys for Plaintiffs                         Attorney for Defendant
24100 Southfield Road                            38505 Woodward Avenue
Suite 305                                        Suite 2000
Southfield, MI 48075                             Bloomfield Hills, MI 48034
(248)327-6556                                    (248)901-4025
aoliver@krescholiver.com                         mweaver@plunkettcooney.com

_____/

## AMENDED WITNESS LIST

1. Amy Chavez

2. Yvonne Dixon

3. Peni Aldrich

4. Marcy Felegy

5. Tanya Blaine

6. Robert Neu

7. Pam Trout

8. Kim Wasilk

9. Kelly Hurley

10. Rhonda Ernst

11. Nan Begola

12. Karin Vassilokis

13. Darin Holley

14. Sandra Scott

15. Paula Cullison

16. Lisa Fluder

17. Melissa Leithem

18. Kelly Fish

19. Leanne DeRousse

20. Matt DeRousse

21. Joelle Donnelly

22. Melissa Chittick

23. Connie Garza-Beyer

24. *Gary L. Talbot, Expert*

25. *William King, Expert*

26. Any and all of Plaintiff's treating or attending physicians or other medical professionals who may have had contact with or treated with Plaintiff prior to or after the facts at issue, and all of their keepers of records.

    a. *More specifically,*

        i. *Michael Rolnick, Ph.D.,*

      ii. *Dr. Ganley,*

     iii. *Dr. Bachinski,*

     iv. *Dr. Kaspo,*

      v. *Dr. Munk,*

     vi. *Rolnick & Merson,*

    vii. *Dr. Woelke,*

   viii. *Dr. Junk,*

     ix. Douglas Smith.

      x. Any employees, assigns, agents, records custodians or other individuals who work with or for BCBS- MESSA disability insurance company

     xi. Any employees, assigns, agents, records custodians or other individuals who work for or with MEBS insurance company.

    xii. Any employees, assigns, agents, records custodians or other individuals who work for or with Henry Ford Hospital

   xiii. Any employees, assigns, agents, records custodians or other individuals who work with or for BCBS insurance company

27. Any or all of Defendant's personnel, past or present, who may have information relative to the facts at issue in the complaint, or information regarding policies, practices, training and other similar incidents.

    a. *More Specifically,*

       i. *Keeper of records, Township of Waterford*

      ii. *Keeper of records, Waterford School District*

     iii. *Employees Past and Present, Township of Waterford*

       *iv. Employees Past and present, Waterford School District.*

28. Any witness listed by or call by Defendant.

29. All witnesses reveal in discovery of any kind.

30. Any and all witnesses necessary to lay a foundation for introduction of exhibits or testimony for impeachment.

31. Any and all witnesses necessary for impeachment.

32. All witnesses necessary in rebuttal of those witnesses listed by Plaintiff.

33. Plaintiff reserves the right to amend this Witness List throughout the course of discovery.

34. Any and all custodians of record and documents pertaining to the subject matter of this litigation.

                                              Respectfully submitted,

Dated: July 14, 2010                        /s/Alyson Oliver

                                              KRESCH OLIVER PLLC
                                              BY:  Alyson Oliver P55020
                                              Attorney for Plaintiff
                                              Amy Chavez
                                              24100 Southfield Road, #305
                                              Southfield, MI 48075
                                              248-327-6556
                                              aoliver@krescholiver.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY CHAVEZ,

      Plaintiff,

Vs.                                    Case No. 2:09-cv-12336
                                        Hon. Sean F. Cox

TOWNSHIP OF WATERFORD and
WATERFORD SCHOOL DISTRICT,

      Defendants.
_____/
KRESCH OLIVER PLLC             MICHAEL D. WEAVER P43985
By:  Alyson Oliver P55020          Plunnket Cooney
Attorneys for Plaintiff               Attorney for Defendants
24100 Southfield Road Ste. 305     38505 Woodward, Suite 2000
Southfield, MI  48075              Bloomfield Hills, MI 48034
(248) 327-6556                      248-901-4025
aoliver@krescholiver.com          mweaver@plunketcooney.com
_____/

## PROOF OF SERVICE

Leisa D. Wilson, certifies that on the July 14, 2010, she served a copy of the Plaintiff's Motion

for Leave to Amend Witness List by first class mail to:

    Michael D. Weaver
    38505 Woodward, Ste 2000
    Bloomfield Hills, MI 48034

    By placing same in an envelope so addressed with the proper postage affixed thereto and

depositing same in a receptacle kept for such purposes at 24100 Southfield Rd. Ste. 305

Southfield, MI 48075.

"I declare that the statements above are true to the best of my knowledge, information and belief."

/s/ Leisa D. Wilson
Leisa D. Wilson