UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY CHAVEZ,

    Plaintiff,

v.

WATERFORD SCHOOL DISTRICT,

    Defendant.
_____/

Civil Case No. 09-12336

HON. SEAN F. COX
United States District Judge

OPINION & ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [Doc. No. 38]

Plaintiff Amy Chavez ("Chavez") filed this action on June 16, 2009, alleging that she is disabled, and that her employer, the Waterford School District ("the District") refused to provide accommodations for her disabilities. On June 14, 2010, the Court granted in part the District's motion for summary judgment [Doc. No. 27], dismissing Ms. Chavez' intentional infliction of emotional distress claim [Count III], but denying the remainder of the District's motion. [*See* June 14, 2010 Opinion & Order, Doc. No. 35]. The matter is currently before the Court on the District's "Motion for Reconsideration" [Doc. No. 38]. The Court declines to hear oral argument pursuant to E.D. MICH. L.R. 7.1(h)(2). For the reasons below, the Court **DENIES** the District's motion for reconsideration [Doc. No. 38].

STANDARD OF REVIEW

The Court's local rule regarding motions for reconsideration states as follows, in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled

1

> upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case*.

E.D. MICH. L.R. 7.1(h)(3) (emphasis added).

Motions for reconsideration are "not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010), citing *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).

ANALYSIS

In its motion for reconsideration [Doc. No. 38], the District advances four arguments: 1) that the Court lacks subject matter jurisdiction over Ms. Chavez' claims; 2) that Ms. Chavez is not "qualified" for her position with the District because of: a) her absences from teaching; b) her filing for long-term disability; and c) her current physical condition; and 3) that the District's counseling and corrective actions toward Ms. Chavez were legitimate and non-discriminatory. [*See* Doc. No. 38, pp.5-14].

As all of these arguments were considered, either expressly or by reasonable implication, in the Court's June 14, 2010 Opinion & Order [Doc. No. 35], and as the District has failed to evidence a "palpable defect" by which "a different disposition of the case" would result, the Court **DENIES** the District's motion [Doc. No. 38].

  I.  Subject Matter Jurisdiction.

In the District's prior motion for summary judgment, the District argued that Ms. Chavez' failure to "check the box" on her initial EEOC filing - indicating that she had been retaliated against - constituted a failure on Ms. Chavez' part to exhaust administrative remedies

2

divesting this Court of subject matter jurisdiction in this action. [*See* Def.'s Br., Doc. No. 27, pp.4-5]. The Court considered, and rejected, this argument.

Specifically, the Court found that, as a *pro se* claimant before the EEOC, "a broader reading of the charge [was] compelled," [Doc. No. 35, p.12, citing *Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005)]. The Court then went on to find that, under both *Tisdale* and *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999), a retaliation charge "naturally grows out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to the defendants." *Id*. at 12.

In its instant motion for reconsideration, the District argues that "case law clearly supports the principle that *pro se* litigants are to be held to the same rules as attorneys in such a matter." [Def.'s Br., Doc. No. 38, p.5]. While the Court disagrees in light of both *Tisdale* and *Duggins*, this argument was expressly considered and rejected by the Court in its June 14, 2010 Opinion & Order [Doc. No. 35], and will not be reconsidered here. The District's arguments to the contrary are without merit.

II. <u>Ms. Chavez' "Qualified" Status under the ADA and the PWDCRA</u>.

In the District's prior motion for summary judgment, the District argued that Ms. Chavez was not "qualified" for purposes of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and its Michigan state-law counterpart, the Persons with Disabilities Civil Rights Act, M.C.L. § 37.1201 *et seq*. Citing the same three arguments advanced in this motion for reconsideration - excessive absences, her filing for long-term disability benefits, and her current physical condition - the District argued generally that "there is no genuine issue of material fact that Plaintiff is <u>unable</u> to perform the essential functions of her job, with or without reasonable

3

accommodations." [Def.'s Br., Doc. No. 27, p.11 (emphasis in original)].

The Court, however, considered - and rejected - each of the District's current arguments in its June 14, 2010 Opinion & Order. With respect to the District's arguments concerning Ms. Chavez' application for long-term disability benefits, the Court agreed with Ms. Chavez' argument quoted below:

> Chavez applied for these benefits as a direct result of the harassment she has experienced at the hands of [the District]. . . Alternatively, even if Chavez' application for Long-Term disability is held to somehow demonstrate that she is not *currently* qualified for her position, a genuine issue of material fact still exists regarding the years of harassment and discrimination that [the District] perpetrated, from the time she first returned from medical leave to the time she became eligible for those benefits.

[June 14, 2010 Opinion & Order, Doc. No. 35, p.17, quoting Pl.'s Br., Doc. No. 32, p.16 (emphasis in Plaintiff's original brief)].

The Court agreed, finding that "[a]t best, the District's arguments regarding Ms. Chavez' status as 'qualified' under the ADA and PWDCRA generate genuine issues of material fact." *Id*. at 17. The District's current arguments regarding Ms. Chavez' application for long-term disability benefits therefore merely "re-hash old arguments" made in the District's prior motion, *Fish*, 2010 WL 419980, *4, and thus are not the proper subject matter for a motion for reconsideration.

The Court also considered - and rejected - the District's prior arguments regarding Ms. Chavez' current medical condition. [*See* June 14, 2010 Opinion & Order, Doc. No. 35, pp.16-17]. In the Court's prior order, the Court found that, at the very least, medical reports by Ms. Chavez' doctors created genuine issues of material fact regarding whether Ms. Chavez' current medical condition rendered her "unqualified" for her teaching position for purposes of the ADA

4

and the PWDCRA. *Id*. Further, even *if* a jury found Ms. Chavez *currently* unqualified for her prior teaching position, the Court also found that genuine issues of material fact would remain regarding whether she was so qualified *at the time she alleges she was discriminated against and constructively discharged by the District*. *Id*. at p.17. The District's current arguments regarding Ms. Chavez' current physical condition therefore merely "re-hash old arguments" made during their prior motion, *Fish*, 2010 WL 419980, *4, and thus are not the proper subject matter for a motion for reconsideration.

Finally, the Court considered and rejected the District's prior arguments regarding Ms. Chavez' absences from work - though, concededly, the Court only did so through implication in its other holdings. As Ms. Chavez argues in opposition to the District's motion for reconsideration:

> These absences were mentioned in Waterford's Motion for Summary Judgment. Waterford, however, chose not to focus on this issue in its previous motion, and this Court's opinion gave the same weight to the argument that Waterford did.

[Pl.s' Br., Doc. No. 40, p.4]. Ms. Chavez further argues as follows:

> . . . Chavez is capable of performing the essential functions of her position if she is given reasonable accommodations. This includes regularly attending work. Towards the end of her employment with Waterford [School District], Chavez' absences were a direct result of the stress bought on by Waterford's campaign of harassment and discrimination. Further, as the court correctly noted in its Opinion and Order, it is a question of fact for the jury whether an individual [is] "otherwise qualified" under the ADA. Therefore, this Court correctly denied summary judgment in its previous decision, and it should do so again now.

*Id*. at 5 (internal citation omitted).

The Court agrees. Though the Court's June 14, 2010 Opinion & Order did not specifically address the District's tangential arguments regarding Ms. Chavez' absences, these arguments were encompassed in the Court's holding that Ms. Chavez' status as "qualified" was a

5

question of fact for the jury.

To be sure, the District is free to argue to the jury that these absences were not caused by the District's actions toward Ms. Chavez - and a reasonable jury could certainly so find. Similarly, the jury could find that Ms. Chavez was not "qualified" for her position as a teacher with the District.  On summary judgment, however, the Court is obligated to construe the facts in the light most favorable to the non-moving party, *see* FED. R. CIV. P. 56, and genuine issues of material fact remain regarding whether the District's actions - and those of its employees such as Ms. Dixon - were a contributing factor to those absences, to Ms. Chavez' decision to take long-term disability benefits, and to Ms. Chavez' general physical condition.  The District's arguments to the contrary are without merit.

> III.  The District's Disciplinary Measures Against Ms. Chavez.

Finally, the District argues that its disciplinary measures against Ms. Chavez were legitimate and non-discriminatory. [*See* Def.'s Br., Doc. No. 38, pp.13-14].  This argument, however, was raised - and rejected - by the Court in the District's prior motion for summary judgment.  In its June 14, 2010 Opinion & Order [Doc. No. 35], the Court held as follows:

> . . . in the face of Ms. Chavez' repeated requests for reasonable accommodations, the District engaged in conduct, which, in the light most favorable to Ms. Chavez, could appear to [the] jury as one-sided harassment through the District's disciplinary procedures and unannounced classroom observations.

[Doc. No. 35, p.22].   The District's current arguments regarding its disciplinary measures undertaken against Ms. Chavez therefore merely "re-hash old arguments" made in the District's prior motion, *Fish*, 2010 WL 419980, *4, and thus are not the proper subject matter for a motion for reconsideration.  The District's arguments to the contrary are without merit.

CONCLUSION

6

For the reasons explained *supra*, the District's motion for reconsideration [Doc. No. 38] is **DENIED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager