UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amy Chavez,

    Plaintiff,                                Case No. 09-12336

v.                                             Hon. Sean F. Cox

Waterford School District,

    Defendants.

_____/

## OPINION & ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND WITNESS LIST

This matter is currently before the Court on "Plaintiff's Motion for Leave to Amend Witness List." For the reasons below, the Court shall: 1) DENY Plaintiff's motion as it relates to experts Gary L. Talbot and William King; 2) GRANT Plaintiff's motion as it relates to Plaintiff's treating physicians; 3) and DENY Plaintiff's motion as it relates to "Defendant's Personnel."

### BACKGROUND

Plaintiff Amy Chavez ("Plaintiff") filed her First Amended Complaint on January 18, 2010, asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Count I) and Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1201 *et seq*. (Count II), along with a claim for intentional infliction of emotional distress (Count III).

In an Opinion & Order issued on June 14, 2010, this Court granted in part Defendant's Motion for Summary Judgment to the extent that it dismissed the intentional infliction of emotional distress count. The Court denied the motion as to the remaining counts. Thus, the

1

only Defendant in the action is the Waterford School District ("the District") and the only claims remaining are Counts I and II, wherein Plaintiff alleges that she is disabled, and that her employer, the District, refused to provide accommodations for her disabilities.

The Court's Scheduling Order provides that "[a]ll witnesses to be called at trial shall be listed by" February 8, 2010. (Docket Entry No. 10). Accordingly, Plaintiff and Defendant each filed their respective witness lists on that date. (Docket Entry Nos. 22 & 23). The witness list filed by Plaintiff on February 8, 2010, did not list any expert witnesses and included the following:

> 24. Any or all of Plaintiff's treating or attending physicians, or other medical professionals who may have had contact with or treated with Plaintiff prior to or after the facts at issue, and all of their keepers of records.
>
> 25. Any or all of Defendant's personnel, past or present, who may have information relative to the facts at issue in the complaint, or information regarding policies, practices, training and other similar incidents.

(Docket Entry No. 23 at 2).

On March 26, 2010, this Court granted Plaintiff's Motion for Extension of Discovery Deadline, ordering the original discovery deadline of March 8, 2010 to be extended until April 23, 2010. (Docket Entry No. 30). On July 15, 2010, almost two months after this deadline and one month before the August 16, 2010 Final Pretrial Conference, Plaintiff filed a "Motion for Leave to Amend Witness List" (Docket Entry No. 39). Plaintiff seeks to add two expert witnesses: an ADA liability expert, Gary L. Talbot, and an economist, William King. She also seeks to clarify that the two catch-all paragraphs above include various individuals. Plaintiff failed to attach any expert reports or resumés and failed to identify by name any of "Defendant's Personnel." At the time this motion was filed, this case was on this Court's September/October

2

trailing trial docket. In its response, the Defendant explained that it had no prior knowledge of the experts, that Plaintiff did not submit any expert reports or credentials, and that Plaintiff's counsel still had not revealed the identities of "Defendant's Personnel."

On July 23, 2010, Plaintiff re-filed her Motion for Leave to Amend Witness List in order to attach the amended witness list and curriculum vitae of the experts. (Docket Entry No. 42). The Defendant filed another response in opposition to Plaintiff's second Motion for Leave to Amend. (Docket Entry No. 45). Thereafter, on August 5, 2010, Plaintiff filed a "Motion to Strike Defendant's Second Answer to Plaintiff's Motion to Amend Witness List."[1] (Docket Entry No. 46).

STANDARD

The rule governing the disclosure of expert witnesses during discovery is FRCP 26(a)(2)(c), which states:

> *Time to Disclose Expert Testimony*. A party must make these **disclosures** at the times and in the sequence that the **court orders**. **Absent a stipulation or a court order**, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial.

Fed. R. Civ. P. 26(a)(2)(c) (emphasis added).

A violation of Rule 26(a) gives rise to the implementation of FRCP 37(c)(1), which reads:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[1] Because this order and opinion, and the issues addressed herein, make Plaintiff's re-filed motion seeking leave to file an amended witness list (Docket Entry No. 42) and Plaintiff's Motion to Strike Defendant's Second Answer to Plaintiff's Motion to Amend Witness List (Docket Entry No. 46) unnecessary, the Court shall DENY both motions.

3

Fed. R. Civ. P. 37(c)(1).

The Sixth Circuit has interpreted the Rule 37(c)(1) exclusionary sanctions to be automatic and mandatory after a violation of Rule 26(a). *Vance v. Unites States*, 1999 WL 455435 (6th Cir. 1999). The party that fails to disclose pursuant to Rule 26(a) or (e) has the burden of proving that testimony of the undisclosed witness is "harmless" or "substantially justified." *Roberts ex rel. v. Johnson*, 325 F.3d 776, 782 (6th Cir. 2003). "'[H]armless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance*, 1999 WL 455435 at 5.

## ANALYSIS

A.  <u>Plaintiff's Expert Witnesses</u>

Plaintiff's counsel states that she did not list experts in Plaintiff's witness list because counsel believed the identification of experts would be done in accordance with FED. R. CIV. P. 26(a)(2)(C)(I). Plaintiff also states that if trial does not occur until the end of October, the disclosure of her experts would be timely under the Federal Rules of Civil Procedure. In response, Defendant notes that the 90-day time-frame in Rule 26 applies "absent a stipulation or court order" and does not apply here because this Court's Scheduling Order set the time for identifying all witnesses. This Court agrees. Therefore, in accordance with Rule 37, Plaintiff's experts can only be admitted if Plaintiff's failure to disclose was "substantially justified" or was harmless to the Defendant.

First, Plaintiff has not shown that her failure to disclose the expert witnesses is "substantially justified." Plaintiff's request to amend her witness list is fundamentally untimely. The court met with the attorneys from both parties and entered a Scheduling Order on September

10, 2010. The parties discussed the deadline to submit witnesses lists and time needed for discovery. The Court granted the amount of time requested by both parties. The Court's Scheduling Order clearly states that all witnesses to be called at trial shall be listed by February 8, 2010. As a result, Rule 26(a)(2)(C)'s 90-day provision is not applicable, because it only applies absent a court order.

Plaintiff's counsel has had ample time to disclose her expert witnesses and provide Defense counsel with expert reports. Plaintiff states that she seeks leave to amend so that she can "include witnesses and exhibits relative to the denial of long term disability benefits." (Pl.'s Br. at 1). The denial of long term disability benefits, however, is dated April 16, 2010, but Plaintiff did not seek leave to file an amended witness list until July 15, 2010 – three months later. Additionally, this Court extended the discovery deadline from March 8, 2010 to April 23, 2010 upon the Plaintiff's request. (Docket Entry. No. 30). The Court originally scheduled the Final Pretrial Conference for August 16, 2010, but the conference was adjourned because of this pending motion. Approximately five months elapsed between the time initial witness lists were due in accordance with the Court's Scheduling Order, and the time when Plaintiff filed her motion for leave to amend her witness list.

Second, allowing Plaintiff to amend her witness list to include the experts at this stage of the case would be harmful to the Defendant. Discovery, the dispositive motion process, and case evaluation have already been completed. If Plaintiff is allowed to amend her witness list to add these two experts, the Court would have to reopen discovery. Defendant would need to be provided with expert reports and be given the opportunity to depose the experts in advance of trial. The Defendant would also need to find and retain its own experts and Plaintiff's counsel

would need additional time to prepare for Defendant's potential expert witnesses. Permitting Plaintiff to amend her witness list would further delay the case for months. Therefore, the Court shall deny Plaintiff's motion to amend Plaintiff's witness list as it relates to experts Gary L. Talbot and William King.

B.Plaintiff's Treating Physicians

Plaintiff used a "catch-all" category to describe her treating physicians in her initial witness list and did not list her individual treaters. She now seeks to amend her witness list to include several individual medical treaters. Some of these treaters were included on Defendant's witness list, but many of the treaters are not.

During oral argument on this matter, defense counsel admitted having previous knowledge of Plaintiff's treating physicians and having received records from Plaintiff regarding these physicians. As a result, Defendant would not need additional discovery time to prepare for these witnesses and there would be no delay in trial. Despite Plaintiff's untimeliness, permitting Plaintiff to add the treating physicians to her witness list would be harmless to the Defendant. If the failure to disclose is harmless, the Court does not have to apply the mandatory evidentiary sanctions of Rule 37. The Court shall grant Plaintiff's motion to amend her witness list as it applies to Plaintiff's treating physicians.

C.Defendant's Personnel

Plaintiff also used a "catch-all" category to identify "Defendant's Personnel." She seeks to amend her witness list regarding this category. However, Plaintiff again failed to release the names of these particular witnesses in her proposed amended witness list. Defendant asserts that it has no knowledge regarding these proposed witnesses or their proposed testimony, and notes

that Plaintiff has still not identified any specific individuals with respect to "Defendant's Personnel." If Plaintiff is allowed to amend her witness list to add these individuals, the Court would have to reopen discovery. For the same reasons discussed in Part A, *supra*, the Court denies Plaintiff's motion to amend Plaintiff's witness list as it relates to "Defendant's Personnel."

## CONCLUSION

Because Plaintiff's motion to amend her witness list is not substantially justified and would be harmful to the Defendant, the Court **DENIES** Plaintiff's Motion For Leave To Amend Witness List as it relates to experts Gary L. Talbot and William King, **GRANTS** Plaintiff's motion as it relates to Plaintiff's treating physicians, and **DENIES** Plaintiff's motion as it relates to "Defendant's Personnel."

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager