UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amy Chavez,

    Plaintiff,                                Case No. 09-12336

v.                                          Hon.  Sean F. Cox

Waterford School District,

    Defendants.

_____/

## OPINION & ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S ATTENDANCE RECORD PRIOR TO THE 2005-2006 SCHOOL YEAR

### INTRODUCTION

The parties in this case have filed 14 motions in limine and one motion for sanctions. Plaintiff Amy Chavez ("Chavez") filed this claim against her former employer, Defendant Waterford School District ("Defendant") asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Count I) and Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1201 *et seq*. (Count II).  [Doc. No. 18].  The matter is currently before the Court on Plaintiff's Motion in Limine to Exclude Plaintiff's Attendance Record Prior to the 2005-2006 School Year [Doc. No. 113].  The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2).  For the reasons below, the Court DENIES Plaintiff's motion.

### ANALYSIS

Plaintiff missed all of the 2004-2005 school year due to her illness and seeks to preclude Defendant from introducing into evidence her attendance record prior to the 2005-2006 school

1

year. Plaintiff asserts that this information will confuse and mislead the jury and thus should be excluded pursuant to Federal Rule of Evidence 403. Specifically, Plaintiff asserts that her claims arise out of events that began in the 2005-2006 school year, and evidence of her attendance prior to that year will confuse the jury as to Plaintiff's ability to perform her job functions during the time period in which the discrimination allegedly began. *Id*. at 4. Plaintiff also states that her previous attendance record has little probative value as to her ability to perform her job during the 2005-2006 school year and after. Additionally, and for essentially the same reasons, Plaintiff asserts that her attendance records prior to the 2005-2006 school year are irrelevant. *Id*.

In response, Defendant asserts that Plaintiff's 2004-2005 attendance record is relevant to show that Plaintiff is not qualified under the ADA, because she is unable to meet attendance requirements. Second, Defendant asserts that Plaintiff's 2004-2005 attendance record is relevant because it shows the severity of Plaintiff's illness and that she is unable to perform her job functions with, or without, accommodations. *Id*. at 3. The Court agrees.

To succeed in her ADA claim, Plaintiff must show that she is an "otherwise qualified individual," defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111; *See also* 42 U.S.C. § 12112(a). The Sixth Circuit has held that an ADA plaintiff who is excessively absent due to his or her disability is "not qualified to perform the essential functions" of employment, as a matter of law. *Brenneman v. MedCentral Health System*, 366 F.3d 412, 418 (6th Cir. 2004). *See also Gantt v. Wilson Sporting Goods, Co.*, 143 F.3d 1042 (6 Cir. 1998) ("An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA.") (citing *Tyndall v.*

*National Educ. Ctrs. Inc.*, 31 F.3d 209, 213 (4th Cir.1994)).  Plaintiff's attendance is relevant to whether she can perform the essential functions of her job.  Thus, Plaintiff's attendance record prior to 2005-2006 is admissible pursuant to Fed. R. Evid. 402.  Additionally, the Court disagrees with Plaintiff that evidence of Plaintiff's 2004-2005 attendance record will confuse or mislead the jury.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion in Limine to Exclude Plaintiff's Attendance Record Prior to the 2005-2006 School Year.

**IT IS SO ORDERED**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager