UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amy Chavez,

    Plaintiff,                                   Case No. 09-12336

v.                                              Hon.  Sean F. Cox

Waterford School District,

    Defendants.
_____/

**OPINION & ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DISABILITY BENEFITS DETERMINATIONS AS TO PLAINTIFF**

INTRODUCTION

The parties in this case have filed 14 motions in limine and one motion for sanctions. Plaintiff Amy Chavez ("Chavez") filed this claim against her former employer, Defendant Waterford School District ("Defendant") asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Count I) and Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1201 *et seq*. (Count II).  [Doc. No. 18].  The matters are currently before the Court on Defendant's Motion in Limine to Exclude Evidence Regarding Disability Benefits Determinations as to Plaintiff [Doc. No. 106], and Plaintiff's Motion in Limine to Allow Plaintiff's Long-Term Disability Insurance Benefits Determinations to be Introduced to the Jury [Doc. No. 122].  The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2).  For the reasons below, the Court GRANTS Defendant's motion, and DENIES Plaintiff's motion.

1

BACKGROUND

In October of 2009, Plaintiff applied for long-term disability benefits with her insurance carrier. On April 16, 2010, Plaintiff's request for long-term disability benefits was denied by her insurance carrier, which determined that Chavez is not disabled and could continue employment with reasonable accommodation. [Doc. No. 99 at 22].

It appears from the parties' motions, briefs, and exhibit lists, that neither party objects to the introduction of Plaintiff's *application* for long-term disability benefits. [*See* Doc No. 145]. Both Plaintiff and Defendant, however, have filed motions regarding the admissibility of Plaintiff's long-term disability benefit *determinations*. Defendant's motion in limine asks this Court to preclude Plaintiff from introducing Plaintiff''s long-term disability benefit determinations in to evidence. Plaintiff's motion, however, requests that this Court admit the determinations.

ANALYSIS

Defendant seeks to preclude Plaintiff from using any evidence regarding determinations made by Plaintiff's short-term or long-term disability insurance carriers or the Social Security Administration. [Doc. No. 106 at 1]. Defendant alleges: (1) that such evidence is either irrelevant under FRE 401, or its probative value is substantially outweighed by its prejudicial effect, its tendency to cause confusion of the issues, and its tendency to mislead the jury, under FRE 403; (2) such evidence is barred by collateral estoppel; and (3) Plaintiff has not listed the insurance carriers, social security administration, or authors of any determinations on her witness list.

Defendant first asserts that Plaintiff's disability determinations should be barred by FRE

2

401 and 403 because the standards for determining disability for insurance carriers are different than those under the ADA or the PWDCRA. *Id*. at 5. An issue to be determined at trial, under an ADA claim, is whether Plaintiff is a qualified individual with a disability "because she cannot perform the essential functions of the employment position that she held and/or desires." *Id*. *See Monette v. Electronic Data Systems Corp*., 90 F. 3d 1173, 1184 (6 Cir. 1996). Defendant contends that determinations based on different standards would only serve to confuse the jury on this issue. *Id*.

Plaintiff, however, contends that, based on FRE 106, the Court must either admit both the disability benefit application and the disability benefit determinations, or prohibit the admission of both documents. [Doc. No. 122 at 2].

**A.    Plaintiff's Long-Term Disability Insurance Benefits Determinations Are Inadmissable Pursuant to Federal Rule of Evidence 403.**

Although the admissibility of Plaintiff's disability application is not at issue, it is important to first establish that the disability application is admissible. Previously, the Sixth Circuit has upheld district courts' determinations to admit evidence of Social Security Disability Insurance benefit applications by treating them as party admissions. For instance, in *Hubbard v. Detroit Public Schools*, 372 Fed.Appx. 631, 635 (6 Cir. 2010), the Sixth Circuit stated:

> Courts may exclude evidence if "the danger of unfair prejudice, confusion of the issues, or misleading the jury" outweighs its probative value. Fed.R.Evid. 403. Yet the district court did not abuse its discretion in concluding that the probative value of the application outweighed its potentially prejudicial effects. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 378 (6th Cir.2009) (reviewing evidentiary ruling for abuse of discretion). A central issue in the case was whether Hubbard could perform the essential functions of her job. She stated on her benefits application that she was "unable to work," and the court permissibly treated that sworn statement as a

3

> party admission. Fed.R.Evid. 801(d)(2). That the evidence may have weakened her case does not make it impermissibly prejudicial, much less require its exclusion.

*Id*. Thus, Plaintiff's application for long-term disability benefits is admissible.

The parties, however, disagree as to whether Plaintiff can admit Plaintiff's long-term disability determinations in to evidence. Plaintiff and Defendant agree that the standards for "disability" differ between that used by Plaintiff's insurance company and the standard required under the ADA. In the context of Social Security Disability standards, courts have similarly held that "[t]he definition of disability under the Social Security program differs from the definition of disability under the ADA, such that receipt of Social Security benefits does not necessarily establish that a person is 'a qualified individual with a disability" within the meaning of the ADA." *Lloyd v. Washington & Jefferson College*, 288 Fed.Appx. 786, 788 n. 1 (3rd Cir. 2008)(*citing Cleveland v. Policy Management Systems Corp*., 526 U.S. 795 (1999)).

In this instance, even if relevant under FRE 401 (this Court does not so find), the Court agrees with Defendant that Plaintiff's determinations should be excluded pursuant to FRE 403. FRE 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

As stated above, an issue for the jury to determine is whether Plaintiff is a qualified individual with a disability who cannot perform the essential functions of the employment position that she held. Because this issue is so pivotal to the outcome of this trial, any other determination stating that Plaintiff is, or is not "disabled," based on a different standard, would

only serve to confuse and mislead the jury. This confusion would outweigh any probative value. Therefore, the Court shall grant Defendant's motion to exclude any evidence regarding Plaintiff's disability determinations at trial.

**B.     Federal Rule Of Evidence 106 Does Not Require The Admission Of Both Plaintiff's Long-Term Disability Claim And Determinations.**

FRE 106 provides, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." FED. R. EVID. 106. In determining whether to apply FRE 106 to separate, but related documents, other circuits have looked to the Committee Notes for guidance. *See United States v. Boylan*, 898 F.2d 230 (1st Cir. 1990). "The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial." *Advisory Committee Notes*, FED.R.EVID. 106. Moreover, "[w]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988).

In this case, Plaintiff's doctrine of completeness argument, pursuant to FRE 106, is unconvincing. As Defendant states, these two documents are completely separate and distinct documents. More importantly, however, neither of the two concerns highlighted in the Committee notes are at issue. By allowing into evidence only the application for disability benefits, and not the determinations, Plaintiff's admissions are not taken out of context. The full

application would be submitted to the jury for review. As for the second concern, any misunderstanding in Plaintiff's application would not be repaired by instruction on Plaintiff's long-term disability benefit determinations.

Thus, Plaintiff's long-term disability benefit application may be admitted into evidence regardless if Plaintiff's long-term disability benefit determination is precluded.

CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion in limine and **DENIES** Plaintiff's motion in limine.

**IT IS SO ORDERED**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager