UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Amy Chavez,

    Plaintiff,                                     Case No. 09-12336

v.                                                Hon.  Sean F. Cox

Waterford School District,

    Defendants.
_____/

## OPINION & ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO STRIKE INAPPROPRIATE EXPERT AND OPINION TESTIMONY, REGARDING THE DE BENE ESSE DEPOSITION OF LINDA FREEZE

The parties in this case have filed 14 motions in limine and one motion for sanctions. Plaintiff Amy Chavez ("Chavez") filed this ADA claim against her former employer, Defendant Waterford School District ("Defendant") asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Count I) and Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1201 *et seq*. (Count II).  [Doc. No. 18].  The matter is currently before the Court on Plaintiff's Motion in Limine to Strike Inappropriate Expert and Opinion Testimony, Regarding the De Bene Esse Deposition of Linda Freeze [Doc. No. 115].  The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons below, the Court DENIES Plaintiff's motion.

ANALYSIS

Plaintiff seeks to preclude Defendant from introducing certain testimony from the deposition of Laura Freeze, a teacher and one of Plaintiff's former co-workers.  Plaintiff alleges that a portion of Ms. Freeze's testimony discussed matters which "require specialized knowledge of pedagogical, education, and medical/scientific knowledge." *Id*. at 2.  Plaintiff further asserts

that no foundation has been laid to qualify Ms. Freeze as an expert on the matters to which she testified, in violation of Fed. R. Evid. 701 and 702. The testimony that Plaintiff seeks to exclude is found on Page 10, Lines 12-15, and Page 12, Lines 14-15 of the deposition transcript [*Tr. of Dep. of Laura Freeze,* Doc. No. 115, Ex. 1], and reads:

> Q: Now being someone who has taught middle school social studies and math, would you think that that would result in less communication, or less talking by Amy to her students?
> A: I don't see how social studies allows you less talking. What it would allow is fewer students to get to know. Instead of having four separate groups of children in math, she would have the same students for social studies and math.
> Q: But - -
> A: But you still have to talk the same amount of time.
> Q: Okay.
> A: At least that's how it worked for me. I don know what her plan was.
>
> (P. 10)
> * * *
> Q: Okay. Based on your 31 years as a teacher, do you think it's beneficial that students have substitutes for two months at a time?
> A: (Nodding.)
> Q: No?
> A: Personal opinion would be no.
> Q: Okay. Did you think that the students in Ms. Chavez's classes were getting the best education that the Waterford Schools could offer?
> A: I think having substitute teachers come in for extended periods of time, and that the back and forth, was not ideal for them.
>
> (P. 12)

*Tr. of Dep. of Laura Freeze* at 10, 12.

Defendant first asserts that Plaintiff has waived any objections to the de bene esse deposition because Plaintiff failed to object to the testimony at the time of the deposition. [Doc. No. 132 at 2]. Defendant also asserts that Ms. Freeze is qualified "to give opinions relating to the amount of speaking by a teacher teaching social studies as opposed to math, as well as the

impact that frequent and/or extended substitute teachers have on the education of children." *Id*.

Notwithstanding the issue of Plaintiff's potential waiver of objections, the Court finds that Ms. Freeze is qualified under Fed. R. Evid. 702 to testify as to the matters objected to by Plaintiff. With more than 30 years of experience teaching both math and social studies, Ms. Freeze possesses the specialized knowledge and experience to opine on whether a teacher speaks more while teaching a math class, as oppose to a social studies. Furthermore, Ms. Freeze is qualified to testify regarding the impact that long-term periods of substitute teaching has on students.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion in limine.

**IT IS SO ORDERED**

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: March 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2011, by electronic and/or ordinary mail.

> S/Jennifer Hernandez
> Case Manager